# Duff's Private Road.

1. All that is examinable on certiorari is the regularity of the proceedings.
2. The refusal of the Court of Quarter Sessions to continue a road order is discretionary and not reviewable in the Supreme Court.
3. An order for review issued at the term at which the view is returnable, must be returned at the next term.
4. A review may be applied for at the election of the party at the same, or next term after the view is returnable.
5. Having made an election the party is bound by it.

November 8th 1870. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Certiorari to the Court of Quarter Sessions of *Allegheny county*: Of October and November Term 1870, No. 22.

On the 9th of January 1869, William Duff presented a petition for viewers for a private road from his dwelling-house to a point in the Baltimore road. On the 24th of April, it appearing that the order had not been issued, the court directed an alias order returnable to the next term. On the 7th of June, the viewers made report, laying out a road, which was approved.

During the same term a petition for a review was presented, and reviewers appointed, the report to be made at September term. On September 4th, the 1st day of September Term, a motion was made to continue the order of review, and make it returnable to the next term. The terms of the Court of Quarter Sessions of Allegheny county commence on the first Mondays in March, June, September and December.

[Duff's Private Road.]

The motion was refused, and the proceedings were removed to the Supreme Court by certiorari.

Confirming the private road and refusing to continue the order of review were assigned for error.

*White & Slagle,* for certiorari.—The order of review could not be returned before the 1st day of September term: Frankstown Road, 2 Casey 472; Baldwin and St. Clair Road, 12 Id. 10. When the viewers are prevented by accident from reporting, the proper course is to obtain a continuance of the order: Charlotte Street, 11 Harris 287; Baldwin and Snowden Road, 3 Grant 63. If a report be set aside for informality the party is entitled to an alias order although it be too late for a review: Kiskiminitas Road, 8 Casey 10; McConnell's Mill Road, Id. 286.

*J. Mellon,* contra.—Granting the motion was discretionary: Newville Road, 8 Watts 172.

The opinion of the court was delivered, January 3d 1871, by

SHARSWOOD, J.—On a certiorari to bring up the record of an inferior court all that is examinable here is the regularity of the proceedings. The Statute of Westminster 2 gives a bill of exceptions only in a trial according to the course of the common law, and there is no other means of putting evidence on a record: Union Canal Co. *v.* Keiser, 7 Harris 134. The refusal of the court below, on motion of the petitioners, to continue the order for review was a matter entirely of discretion, and is not assignable as error: Porter *v.* Lee, 4 Harris 412. It is contended, however, by the appellants that inasmuch as a petition for a review would have been in time when the motion to continue was made, the court ought to have regarded the motion in the light of an original petition, and that they had then a legal right to a review. By the 25th section of the Act June 13th 1836, Pamph. L. 559, it is provided that "in all cases of views for any purpose mentioned in this act, the respective court shall, on petition of any person interested, direct a second view or review for the same purpose: *Provided,* that application therefor be made at or before the next term of the court after the report upon the first view." It is true that the petitioners might have postponed their application until the next term, but the act gave them the election to do so or to apply at the same term. They exercised their election, and must be held bound by it. The review was therefore a pending proceeding, and must be subject to all the provisions of the law in relation to it; among others that the report must be made at the next term: Frankstown Township Road, 2 Casey 472.

Proceedings affirmed.