# Springfield Road.

| 73 | 127 |
|----|-----|
| 19 SC | ²378 |

| 73 | 127 |
|----|-----|
| 26 SC ² | 26 |

| 73 | 127 |
|----|-----|
| 29 SC | ²180 |

1. A petition was for a road; "To begin in the Germantown turnpike at a point where the road from the Flourtown road intersects the said turnpike;" &c., the jury reported a road, "Beginning at a point in the *middle* of the Germantown turnpike where the same is intersected by the *middle line* of the road leading from the Flourtown road," &c. *Held*, that there was no variance between the beginning in the petition and in the report.

2. Reasonable certainty only is required in defining the termini and that the road as laid out shall begin and end substantially at the points designated in the petition.

3. The point of intersection of two roads is the point where their middle lines intersect.

January 22d 1873. Before READ, C. J., AGNEW, WILLIAMS and MERCUR, JJ. SHARSWOOD, J., at Nisi Prius.

Certiorari to the Court of Quarter Sessions of *Montgomery county*: No. 110, of January Term 1873. In the matter of a public road in Springfield township.

On the 26th of August 1871, a petition was presented to the court, setting forth the "want of a public road in the township of Springfield, to begin in the Germantown and Perkiomen turnpike road, at a point where the public road leading from the Flourtown and Norristown road intersects the said turnpike road, and to end in the Wissahickon turnpike road, at a point between the corner of lands of Samuel W. Paul and Peter Streeper, and the angle or curve in the said last-named road, opposite the dwelling-house of the said Peter Streeper, in said township," and praying the court to appoint suitable persons to view and lay out the same.

Viewers were appointed, who, November 17th 1871, reported, laying out a road; "Beginning at a point in the middle of the Germantown and Perkiomen turnpike road, where the same is intersected by the middle line of the road leading from the Flourtown and Norristown road, thence, * * * to the middle of the Wissahickon turnpike road, at a point between the corner of lands of said Peter Streeper and Samuel W. Paul, and the angle or curve in said Wissahickon turnpike road, opposite the house of the said Peter Streeper * * * a plot or draft whereof is hereunto annexed."

November 17th 1871. The report was confirmed *nisi*, and the road ordered to be opened thirty-three feet in width.

February 26th 1872. Exceptions of Peter Streeper were filed. The first was :—

The points of beginning and ending in the petition, do not correspond with the beginning and ending in the report.

The court set aside the report, Ross, P. J., in his opinion saying: * * *

"There is, unquestionably, a variance in the point of beginning. The petition designates as the place of beginning, "*on* the Ger-

[Springfield Road.]

mantown and Perkiomen turnpike road, at a point where it is intersected by a public road: but the viewers have commenced in the *middle* of the pike, and not at the point of intersection, for the centre of the turnpike could not be *that* point, as appears from the draft—for the road leading to the Flourtown road runs to and does not cross the Germantown and Perkiomen turnpike. The point of intersection, therefore, as shown by the record, is the outside, and not the middle line of the turnpike road. It is said that it appears of record, that the road leading to the Flourtown road was laid out to the middle of the Germantown and Perkiomen turnpike; but it does not appear upon the record, which is a sufficient answer both to the argument and to the fact upon which it is based. This road is to be identified by its initial points, as designated by these proceedings, upon which alone the opening order can be framed.

"The error of the viewers has been in failing to recognise where the point of intersection is. Upon all plane surfaces, the point of intersection is where the intersecting line touches and divides the intersected surface, and not the extreme point of penetration. The point of intersection of the roads was at the right angles which their converging lines formed at the point of meeting. This, as a material variance, being one-half the width of the turnpike, and constituting a point of beginning other than that designated by the order, and therefore beyond the power of the viewers; it is fatal to the report.

" The first exception, as to the point of beginning, is sustained."

Charles Williams, a petitioner for the road, removed the record to the Supreme Court by certiorari, and assigned for error the order of the court setting aside the report.

*H. Livezey* and *B. M. Boyer*, for certiorari.

*C. Hunsicker*, contrà.

The opinion of the court was delivered, May 17th 1873, by

Williams, J.—The petition in this case defines with reasonable certainty the points of beginning and ending of the proposed road; and in laying it out the viewers complied substantially, if not literally, with the petition and order of view. The petition prays for a road "to begin in the Germantown and Perkiomen turnpike road, at a point where the public road leading from the Flourtown and Norristown road intersects the said turnpike road, and to end in the Wissahickon road, at a point between the corner of lands of Samuel W. Paul and Peter Streeper, and the angle or curve in the said last-named road, opposite the dwelling-house of the said Peter Streeper." The viewers laid out a road "beginning at a point in the middle of the Germantown and Perkiomen turnpike

[Springfield Road.]

road, where the same is intersected by the middle line of the road leading from the Flourtown and Norristown road," and ending at the point designated in the petition. There is no substantial variance in the point of beginning as described in the petition and the report of the viewers. Even if the point of intersection is, as the learned judge of the Court of Quarter Sessions suggested, the outside and not the middle line of the turnpike road, the variance is immaterial—*De minimis non curat lex.* All that the law requires is reasonable certainty in defining the points where the road shall begin and end, and that the road as laid out by the viewers shall begin and end substantially at the points designated in the petition. But, if mathematical exactness were required, it is by no means certain that there is any variance in the point of beginning. The viewers in laying out a road do not fix its width; nor run and mark the outside lines of the road on the ground. They run and mark but one line—the centre line of the road. The point of intersection of two roads, as laid out and marked on the ground by the viewers, is then the point where the middle or centre lines of the two roads intersect—the very point at which the viewers in this case commenced. But if this be not so, it is wholly immaterial whether they commenced at the intersection of the outside or the middle line of the turnpike and public road.

Order setting aside the report for informality is reversed; the report is reinstated, and a *procedendo* awarded.