# In re Road in Upper Dublin and Whitemarsh Townships.

1. Where error is assigned to the rulings of the court below on exceptions to the report of a road jury, the opinion of the court, although embodying a statement of facts which, it was agreed, were to be considered as if established by deposition, forms no part of the record and cannot be brought before the Supreme Court on a writ of certiorari, by assignments of error.

2. Undecided whether a mortgagee of property alleged to be damaged by the opening of a road may, by a petition with proper averments, bring himself upon the record, so as to obtain the benefit of said damages.

March 23d 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Certiorari to the Court of Quarter Sessions of *Montgomery county:* Of July Term 1879, No. 72.

A petition was presented to the court for the appointment of a jury to view and lay out a road in Whitemarsh and Upper Dublin townships, Montgomery county, over lands, inter alia, then of Henry Bissinger, now of Joseph Nash. This was followed by the appointment of jurors and a report in favor of the road. Before this jury, Henry Bissinger, as landowner, released his claim to damages. Joseph Nash then held a purchase-money mortgage against said premises for over $10,000, on which he was about to commence proceedings to collect. Nash claimed damages before the jury, and the counsel for the petitioners objected that he had no standing. The jury refused to assess him any damages because the owner had released. To this report of the jury exceptions were filed by Nash.

The court, Ross, P. J., filed the following opinion :

"It was agreed upon the argument that the following facts should be considered by the court as if fully established by depositions : That Joseph Nash, the exceptant, and proposed appellant here, was the holder of a purchase-money mortgage recorded April 1st 1873 against Henry Bissinger, the owner and releasor, for $10,000, which was a lien upon the premises out of which the road was in part laid out. This mortgage, it was also admitted, is still due and unpaid. Mr. Nash appeared before the viewers, and claimed that damages should be assessed to him, which claim was ignored and disallowed by the jury. It also appears by the record that Bissinger executed a release of all damages he might

[In re Road in Upper Dublin & Whitemarsh Townships.]

sustain as landowner by reason of the laying out and opening of the road. Under these circumstances, the only inquiry is whether Mr. Nash can be heard as a party to this record, either as an exceptant or an appellant.

"The court is of opinion that he is not a landowner within the meaning of the road laws, and consequently has no standing in court to question the record in either capacity. The exceptions are overruled, and the appeal is dismissed."

Nash then took this appeal, and alleged that the court erred—1. In dismissing the second exception filed by Joseph Nash, viz., " The said Henry Bissinger had no right to release the damages, as your exceptant holds a mortgage on said property for more than all said land would sell for." 2. In holding that Nash, being a mortgagee of said land, was not an owner within the meaning of the road law. 3. In denying the right of Nash to appeal from the report of said jury and to have a jury trial. 4. In directing that the exceptions filed by Nash and his appeal should be dismissed, and in directing that an opening order should issue.

In this court the case was argued upon its merits.

*Charles Hunsicker*, for appellant.

*B. M. Boyer*, contra.

The judgment of the Supreme Court was entered March 31st 1880,

Per Curiam.—The opinion of the court below is no part of the record, which is all that is before us on this certiorari. Joseph Nash might, perhaps, have brought his case on the record by a petition with the necessary averments; but as it stands, we cannot take cognisance of the questions which he has attempted to raise by his assignments of error.

Proceedings affirmed.

Counsel for appellant subsequently moved for a reargument, setting forth, in substance, the following reasons: That on the argument of this case, the case of Powell *v.* Whitaker, 7 Norris 445, had not been brought to the attention of counsel. That in said case, Ludlow, P. J., reaffirmed the principle laid down by Strong, J., in Workman *v.* Mifflin, 6 Casey 362: "The owner is a trustee for the lien holders, and the courts will protect his rights." That in the case at bar, Nash was the mortgagee, his land was taken from him against his protest, and because the mortgagor, Bissinger, had released the damages. That under the authority of the above case, if Bissinger was our trustee, we think the court should have protected us by preventing the mortgagor from releasing. That if the damages belonged to Nash, what right

[In re Road in Upper Dublin & Whitemarsh Townships.]

had Bissinger to receipt for him or take·money which the law gave him.

The court, in a Per Curiam opinion, filed May 3d·1880, refused the motion for a reargument: