# Road in Cassville Borough.    Appeal of Miles Saylor.

*Road law—Jurisdiction, Q. S.*

Where a road vacated and a road laid out to take its place are partly in a borough and partly in a township, the court of quarter sessions has jurisdiction.

·  *Road law—Essentials of report of viewers as to termini,*

The termini reported by the viewers must correspond with those designated in the petition and order. But mathematical precision is not required in describing them either in the petition or the report. It is sufficient if there be substantial conformity, and if they be described so that the road can be located with reasonable certainty.

*Appeal—Appeals to the Superior Court—Time of perfecting same.*

An appeal to the Superior Court must be taken and perfected within three calendar months from the day when the judgment, sentence, order or decree appealed from was entered in the court below.

This appeal was taken more than eight months after the decree of confirmations of the report of viewers. A motion was made, subsequent to the confirmation, for leave to file exceptions nunc pro tunc which was refused, and if it be conceded that an appeal lies from such an order, by no latitude of construction can it be held that the whole proceedings are opened for review ; at the very best all that can be assigned for error under such conditions is the refusal of permission to file the specific exceptions going to the jurisdiction of the court.

Argued March 16, 1897.   Appeal, No. 36, March T., 1897, by Miles Saylor, one of the supervisors of Cass township from the decree of Q. S., Huntington Co., Feb. Sess., 1895, No. 7, confirming report of viewers.   Before RICE, P. J., WILLARD, WICKHAM, REEDER and SMITH, JJ.   Affirmed.

Confirmation of viewers' report.   Before LOVE, P. J., of the 49th judicial district, specially presiding.

At the February sessions of the court of quarter sessions of Huntingdon county a petition was filed by certain inhabitants of the township of Cass and borough of Cassville for the appointment of viewers to view and lay out a public road from the north end of Water street to a point on the public road leading from Cassville to Mill creek, at or near a cucumber tree near the Stever's bridge, and to vacate the original road leading from Cassville to Mill creek from said cucumber tree to the line of the M. E. Church lot in Cassville.·

Viewers were appointed February 21, 1895, who made their report to the May term, 1895, laying out the road and vacating a part of another road, and accompanying their report with a draft of the road laid out and the road vacated.

June 12, 1895, a petition for reviewers was presented and reviewers were appointed, who made their report to September sessions, 1895, reporting against the road. No exceptions were filed to either of these reports. On March 25, 1896, the view laying out a road and vacating an old road was confirmed by the court. On June 22, 1896, a petition was presented to the court and rule granted to the petitioners for the road to show cause why exceptions should not be granted nunc pro tunc, and on October 23, 1896, the rule was discharged by the court and permission to file exceptions nunc pro tunc refused. December 7, 1896, affidavit and appeal to the Superior Court filed.

*Errors assigned* were (1) The court had no power or authority to lay out a street in the borough of Cassville. (2) The court had no authority to vacate one of the streets of the borough of Cassville. (3) The report of viewers shows that the road was not laid out between the termini mentioned in said order of court. (4) The court erred in confirming the report of viewers, as neither the petition for viewers, nor the report of viewers, nor the draft annexed to the report, show the locality of the road, nor is there any certainty in its description, nor are the termini between which the road is laid out described with sufficient precision. (5) In confirming the report of viewers, as neither the petition for an order of view, nor the order of view state in what township or borough the proposed road is to be laid out, nor do they state in what township or borough the proposed termini of said road are located. (6) In confirming the report of viewers, as neither the petition for an order of view, nor the report of viewers, nor the draft annexed to their report, state in what township or borough the road vacated is located, nor do they show whether it is a township road or a street of some borough, nor do they show whether it is located wholly in the township or wholly in the borough. (7) In confirming the report of viewers, as one of the termini of an unoccupied street in a borough cannot be adopted as a terminus in proceedings to lay out and open a public road in an adjoining township.

*W. H. Woods* and *H. H. Waite*, with them *J. S. Woods*, for appellant.

*W. M. Williamson*, for appellee.

OPINION BY RICE, P. J., April 19, 1897:

As the road vacated and the road laid out to take its place are partly in a borough and partly in a township, the court of quarter sessions had jurisdiction: Somerset and Stoystown Road, 74 Pa. 61 (1873); Road in Chester, 2 Ch. Co. Rep. 438; Road in Verona, 21 W. N. C. 534; 11 Cent. Rep. 34 (1888); Parkersburg Borough Streets, 124 Pa. 511 (1889); Palo Alto Road, 160 Pa. 104 (1894). The first two assignments are, therefore, overruled.

That the termini reported by the viewers should correspond with those designated in the petition and order is clear upon reason and authority. "They are the initials which describe the proceeding, and limit the authority delegated by the court to the viewers. When once the viewers cut loose from the order the identity of the proceeding is lost:" Road in Lower Merion, 58 Pa. 66; Boyer's Road, 37 Pa. 257. But mathematical precision is not required in describing them either in the petition or in the report. It is sufficient if there be substantial conformity and if they be described so that the road can be located with reasonable certainty. "All that the law requires is reasonable certainty in defining the points where the road shall begin and end, and that the road as laid out by the viewers shall begin and end, substantially at the points designated in the petition:" Springfield Road, 73 Pa. 127. The maxim, id certum est quod certum reddi potest, is applicable: Kyle's Road, 4 Y. 514; Miller's Road, 9 S. & R. 35; Bean's Road, 35 Pa. 280. The specific objection under consideration is, that the report shows that the road was not laid out between the termini mentioned in the order. This objection would not have been good, even if taken in time, as the opinion filed by the learned judge who presided well shows. There is substantial conformity in this particular between the petition and the report. The third assignment is overruled.

No exceptions to the report of viewers were filed, the report was confirmed absolutely on March 25, 1896, and on May 23,

1896, an affidavit was filed, setting forth that the new road was opened. In June, certain citizens petitioned the court for leave to file nunc pro tunc the three exceptions which we have considered. A rule to show cause was granted, which was discharged on October 23, 1896, and on December 7 following, an appeal was taken from the order of confirmation. An appeal to the Superior Court must be taken and perfected within three calendar months from the date when judgment, sentence, order or decree appealed from was entered in the court below: Act of June 24, 1895, P. L. 212. This appeal was taken more than eight months after the decree of confirmation. Even if it be treated as an appeal from the order refusing permission to file exceptions, and it be conceded that an appeal lies from such an order, by no latitude of construction can it be held that the whole proceedings are opened for review. At the very best all that was assignable for error was the refusal of permission to file the specific exceptions going to the jurisdiction of the court. The remaining assignments relate wholly to purely formal and not jurisdictional defects. They were not made the subject of exception in the court below, either before or after the decree of confirmation, and the appeal from that order was not taken within the statutory period. Therefore they are dismissed.

The decree is affirmed and the appellant is directed to pay the costs.