# Private Road of A. J. Roche.   Appeal of the Rock Hill Iron & Coal Company.

*Road law—Practice, Q. S.—Conformity of petition and report.*
Where the record shows substantial conformity between the petition and report of the jury the law is complied with.

*Report of viewers includes draft—Location of termini.*
Under the Act of June 13, 1836, P. L. 555, the draft of the proposed road which, by section 3 of the said act, is required to be annexed to the report of the viewers and returned with it to court, is to be considered as a part of the report in passing upon the designation of termini, and when the draft locates the termini with reasonable certainty this is sufficient to sustain the report.

*Road law—Appeals—Review confined to record—Presumption as to facts.*
The quarter sessions court must be presumed to have arrived at a correct conclusion of fact unless the contrary appears from the record.   In road cases the appellate court has nothing before it but the record proper of which neither the testimony nor the recital of facts in the opinion filed by the court below is a part.

Argued Oct. 25, 1898.   Appeal, No. 126, Oct. T., 1898, by Rock Hill Iron & Coal Company, from decree of Q. S. Huntingdon Co., Sept. Sess., 1897, No. 15, dismissing exceptions.

Before RICE, P. J., REEDER, W. W. PORTER and W. D. POR-
TER, JJ.   Affirmed.   Opinion by W. D. PORTER, J.

Exceptions to report of viewers.   Before BAILEY, P. J.

Viewers reported in favor of a road beginning at a point on
the line between lands of petitioner and the Rock Hill Iron &
Coal Company, in Carbon township, Huntingdon county, thence
(giving courses and distances) to a point in the public road in
said township leading from Robertsdale to New Granada.   The
draft of the road was attached to the report.   Exceptions were
filed by the Rock Hill Iron & Coal Company, as follows :

[1. The point from which the proposed road starts was not
a dwelling house or plantation.] [2]

2. The damages allowed the exceptant, the Rock Hill Iron
& Coal Company, are entirely adequate and in no sense a com-
pensation for the injuries sustained.

[3. The road is not laid out between the points designated
in the petition and further that the report of viewers does not
fix or designate the point of beginning.] [1]

These exceptions were dismissed by the court below in the
following opinion :

The petition prays for the appointment of viewers to lay out
a private road from " the dwelling house or plantation " of the
petitioner to a certain public road therein designated.   The
viewers report that such road is necessary and that they have
laid it out from the line of the petitioner's land to the public
road.

[By the draft attached to the report, the terminus of the
private road at the point of its intersection with the public road
is fixed by its relative location to a town hall and schoolhouse,
by lines drawn from them with their respective bearings to the
terminus of this private road.   This renders that terminus rea-
sonably certain and from it the other terminus can be readily
ascertained by following the bearings and distances of the pri-
vate road as they appear in the report and draft attached to it,
to the line of petitioner's land, although that terminus is not
otherwise specifically designated.   " That is certain which can
be rendered so."] [1]

[It appears by the depositions presented to us that there are
buildings on the land of the petitioner and that they were not

occupied at the time of the view. It does not appear, however, that they were not occupied as a dwelling place at the time the viewers were appointed. They are now so occupied and their vacation may have been temporary.] [2]

If the damages allowed by the viewers are inadequate the exceptant has a remedy. We cannot set aside the report of the viewers for that reason alone.

We therefore overrule the exceptions and confirm the report of viewers absolutely.

The Rock Hill Iron & Coal Company appealed.

*Errors assigned* were (1) in overruling the third exception, reciting same, with the ruling of the court thereupon. (2) In overruling the first exception, reciting same, with the ruling of the court thereupon.

*John D. Dorris*, with him *A. O. Furst*, for appellant.—A report of viewers, laying out either a public or private road, must describe the termini with sufficient precision, to enable the supervisors to locate it when ordered to be opened : Bean's Road, 35 Pa. 280 ; Road in Lower Merion, 58 Pa. 66 ; O'Hara Township Road, 152 Pa. 319.

The report of a private road is to be made in the same manner as that of a public road : Act of June 13, 1836, P. L. 551, sec. 11.

The report of viewers describing the road is the chart to guide the supervisors in opening the same, not the draft.

Under this testimony we submit that the finding of the court that the buildings may have been occupied as a dwelling place at the time the viewers were appointed in September, 1897, is unwarranted.

*J. M. Steese*, for appellee.—On appeal the Supreme Court can examine nothing but the record : Keller's Private Road, 154 Pa. 547.

The termini reported by the viewers must correspond with those designated in the petition and order. But mathematical precision is not required in designating them either in the petition or the report. It is sufficient if there be substantial conformity, and if they be described so that the road can be located

with reasonable certainty: Cassville Borough Road, 4 Pa. Superior Ct. 511.

In East Deer Township Road, 155 Pa. 53, the draft or plan accompanying the report showed that the new road actually began thirty rods from the point mentioned in the report. The confirmation of the report was, nevertheless, approved by the Supreme Court.

Exact correspondence between the ends named in the petition and those reported by the viewers, is not absolutely necessary. It is enough that they are substantially the same: Springfield Road, 73 Pa. 127.

OPINION BY W. D. PORTER, J., March 23, 1899:

The first specification of error relates to the action of the court below in overruling appellant's third exception, which was : " The road is not laid out between the points designated in the petition; and, further, that the report of viewers does not fix or designate the point of beginning." The record shows substantial conformity between the petition and report, as was practically conceded by appellant's counsel upon the argument. That is all which is required in this particular, and the first complaint in this exception does not require further consideration: Springfield Road, 73 Pa. 127 ; Cassville Borough Road, 4 Pa. Superior Ct. 511. This leaves but one question to be disposed of under the first assignment of error, viz: does the report of viewers designate the point of beginning of the road, as laid out by the viewers? On behalf of appellant it is contended that, as the written report of viewers does not fix the termini of the road, it cannot be helped out by the draft, referred to in the report and attached thereto by the viewers. But the draft is an essential part of the report, which is required by section 3 of the Act of June 13, 1836, P. L. 551, to be annexed and returned to court. A draft so attached and returned is to be considered as a part of the report in passing upon the designation of the termini: O'Hara Township Road, 152 Pa. 319 ; Road in South Abington Twp., 109 Pa. 118. The draft in this case fixes one of the termini by placing it at the point of intersection of the middle line of a designated public road with two other lines, one running from the village schoolhouse and the other from the town hall, the courses or bearings of the last two men-

tioned lines being definitely given.    This comes as near giving
that end of the road with mathematical precision as possible.    It,
certainly, locates it with reasonable certainty, which is all that
is required: Springfield Road, 73 Pa. 127; Road in Cassville
Borough, 4 Pa. Superior Ct. 511.    We have one terminus fixed,
and, the courses and distances of the entire route being given
in both report and draft, the other terminus is easily ascertained
and the whole road located with certainty.    This is sufficient
to sustain the report, and the first specification of error must
fall: Bean's Road, 35 Pa. 280; O'Hara Township Road, supra.

The second specification of error is to the overruling of ap-
pellant's first exception, which was, " The point from which the
proposed road starts was not a dwelling house or plantation."
This exception raised a question of fact, in passing upon which
the court below must be presumed to have arrived at a correct
conclusion.    We take it for granted that every objection made
to a road report and overruled by the quarter sessions, and
which is, in its nature, capable of being proved, is untrue in
point of fact, unless the contrary appears from the record.    In
such cases we have before us nothing but the record proper, of
which neither the testimony, nor the recital of facts in the opin-
ion filed by the court below is a part: Schuylkill Falls Road, 2
Binney, 250; New Hanover Road, 18 Pa. 220; Duff's Private
Road, 66 Pa. 459; Sadsbury Township Roads, 147 Pa. 471;
Keller's Private Road, 154 Pa. 547.    " The appellants might,
perhaps, have brought their case upon the record by a petition
with the necessary averments, but, as it stands, we cannot take
cognizance of the question which they have attempted to raise,"
by their second specification of error: Road in Upper Dublin
Township, 94 Pa. 126.

The third specification of error is dependent upon the others
and falls with them.

Judgment affirmed.