# In the Matter of a Private Road in Dennison Township, Luzerne County.

*Road law—Viewers—Rules of court—Private road.*

An objection by an owner of land, over which viewers have laid out a private road, " that in violation of a rule of court which provides 'five days' notice of the intended application for the appointment of viewers . . . . in the case of a private road shall be given to the owner of the land,' he did not receive the requisite five days' notice," must be made promptly after he has knowledge of the proceedings. A delay in making the objection until the report of the jury is filed may be regarded as a waiver of the provision of the rule.

*Certiorari—Practice—Pleading.*

The certiorari in such cases brings up for review only the record, of which the evidence forms no part, and whether or not an interested party received requisite notice of the proceedings in the court below is a question of fact which the appellate court will presume has been determined by the inferior tribunal.

Argued Jan. 10, 1900. Appeal, No. 28, Jan. T., 1900, by August Stolpe, from order of Q. S. Luzerne Co., June Sess., 1896, No. 371, in dismissing exceptions to report of viewers. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed. Opinion by RICE, P. J.

Exceptions to the report of viewers laying out private road.

It appears from the record that this was a proceeding on the petition of Julius Stolpe to the court of quarter sessions of Luzerne county, praying the court to lay out a private road across the land of August Stolpe in Dennison township. Three viewers were appointed who recommended the road.

The rules of the court of quarter sessions in Luzerne county, section 230, provide as follows: " Five days' notice of the intended applications for the appointment of viewers to lay out public roads in townships shall be given to the county commissioners or the county solicitor and to the township supervisors, and in case of a private road to the owner of the land." August Stolpe averred that he had not received the notice as required by the rules of court, and upon advice of counsel took no part in the proceedings before the court, but after the report of the viewers was presented filed the following exception :

1. The rule of the court of quarter sessions of said county with reference to the appointment of viewers for the location of a private road was not complied with, said rule being found at page 73, section 230, of the rules of court: " Five days' notice of intended applications for the appointment of viewers to lay out public roads in townships shall be given to the county commissioners or to the county solicitor and to the township supervisors, and in the case of a private road to the owner of the land." No such notice was given to August Stolpe, the owner of the land.

The court below dismissed the exception in an opinion which, in part, is as follows :

The first exception is that rule of court No. 230, which provides that " five days' notice of intended applications for the appointment of viewers . . . . in the case of a private road, shall be given to the owner of the land." The notice required by this rule it is admitted was not given. The report of the veiwers shows that one notice of the time and place of meeting of the viewers was served upon Stolpe five days before the meeting. Hence it cannot be contended that he had not actual notice of who the viewers were and of the time and place of meeting. With this knowledge it would seem to have been

227, (1899).] Opinion of Court below—Opinion of the Court.

the duty of Mr. Stolpe, in case he was not satisfied with the character of the persons appointed, to have so stated to the court. He certainly had no right to lie by with this knowledge until the viewers had performed their duties, incurred considerable expense and been discharged before making known his objection. He sat by until he ascertained the verdict and now complains, not of injustice done him, but that a rule of court was not observed by the attorney for the petitioner. He must now be considered as having waived any objection he had to the viewers or want of notice to him in their appointment. [1]

August Stolpe appealed.

*Error assigned* was in not sustaining appellant's exception, reciting same.

*S. J. Strauss*, for appellant.—The court has the right to construe its own rule: Brennan v. Ins. Co., 148 Pa. 199; McLane v. Hoffman, 164 Pa. 491; Higgins Carbon Co. v. Latimer, 165 Pa. 617.

But the appellate court may reverse where clear error has been committed: McLane v. Hoffman, 164 Pa. 491; Reiter v. Fruh, 150 Pa. 623; Todd v. Ins. Co., 9 Pa. Superior Ct. 371.

*C. E. Keck*, with him *L. W. De Witt*, for appellee.—The act of assembly does not contemplate the elapsing of any time between the presentation of the petition and the appointment of viewers, and the courts are always open to receive petitions of suitors. If in a county where there is an active rule of the kind alleged we come with a petition at a time when the court will grant another's like petition and the court appoints viewers knowing that we have wilfully disregarded the giving of the notice, and afterwards the benefit is asked in proper time and form, refused, and exceptions noted and the case goes on with no other error upon the record, it may be that the court would be sustained by a higher tribunal.

OPINION BY RICE, P. J., March 21, 1900:

The rule of the court below provides as follows: "Five days' notice of the intended application for the appointment of viewers to lay out public roads in townships, shall be given to the

county commissioners or the county solicitor, and to the township supervisors, and in case of a private road, to the owner of the land."

Is it necessary that the record shall show affirmatively that notice was given as prescribed by the rule of court? We think not. The rule is a good one, but the fact that it has been complied with is not one of those jurisdictional matters—(like notice of the view and assessment of damages: Road in Plum Creek, 110 Pa. 544; Private Road in Redstone, 112 Pa. 183)—the omission of which from the record is fatal on appeal. The doctrine omnia præsumunter rite esse acta applies. See Road in Derry, 11 Pa. Superior Ct. 232, and cases cited.

A certiorari issued on an appeal from an order in a road proceeding brings up for review only what was brought up by certiorari before the passage of the Act of May 9, 1889, P. L. 158, namely, the record of which the evidence forms no part. This has been ruled repeatedly. In Kirk's Appeal, 28 Pa. 185, it was said: " The objection is that no notice was given of the meetings of the viewers. That objection was heard and disposed of in the court below. It is a question of fact which is not the subject of review here. No bill of exceptions exists in such a case." In a late case our brother W. D. PORTER said: " We take it for granted that every objection made to a road report and overruled by the quarter sessions, and which is, in its nature, capable of being proved, is untrue in point of fact, unless the contrary appears from the record. In such cases we have before us nothing but the record proper, of which neither the testimony, nor the recital of fact in the opinion filed in the court below is a part: Schuylkill Falls Road, 2 Binney 250; New Hanover Road, 18 Pa. 220; Duff's Private Road, 66 Pa. 459; Sadsbury Township Roads, 147 Pa. 471; Keller's Private Road, 154 Pa. 547;" Roches's Private Road, 10 Pa. Superior Ct. 87. See also Manheim Road, 12 Pa. Superior Ct. 279.

But aside from this, we are not convinced that the court committed error even if we may look into the opinion and review the decision upon the facts there stated. The question is not whether the court may ignore the rule, but whether noncompliance with it may be waived by the party and is waived by failure to object to the appointment of the viewers within a reasonable time after notice thereof. It is to be observed that

227, (1900).]                Opinion of the Court.

notice of the time when the petition will be presented is not a statutory requirement.  If it were, a different question would be raised.  The appellant had due notice of the view and ample opportunity to raise the objection, if he had any, before the expense of the view was incurred.  The objection should have been made promptly.  Under the circumstances, it not appearing that he suffered any substantial injury by reason of the omission to comply with the rule of court, the appellant's conduct may fairly be regarded as a waiver.  The reason for this conclusion, as stated in the opinion of the learned judge of the court below, is sound, and is of frequent application in all kinds of proceedings.  As was said in a case where the objection was to the qualifications of one of the viewers : " A man cannot reserve such an objection while he awaits the chances of a favorable report, and use it after he finds the report against him : " Hill Townroad, 18 Pa. 233.

We find no error in this record which would justify reversal. Therefore the order is affirmed.