## Madison and Harmony School-House Road.

*Power of Court to vacate Roads.*

The power of the Quarter Sessions to vacate the whole or part of a road laid out and opened, can be exercised only when it is found to be useless, inconvenient, and burthensome; if laid out but not opened, it can be exercised only when a majority of the original petitioners, resident in the county, invoke it: but the extent of the power is the same in both cases.

CERTIORARI to the Court of Quarter Sessions of *Westmoreland county*.

This was a proceeding to vacate the whole or part of a road which had been laid out from Madison School-House to Harmony School-House in Hempfield township, Westmoreland county.

A road had been laid out in 1859 between the above-named points, a distance of two miles and a half and eighteen perches. In 1860 a majority of the original petitioners prayed the court to vacate the whole of the road, or at least that part of it between the crossing of the Greensburg road to the Adamsburg road, near Harmony School-House.

On this petition viewers were appointed, who reported in favour of vacating so much of the road as lay between the points above mentioned.    This report was objected to on the ground that the viewers were bound to vacate the whole road, if any, and could not vacate a part, the proceedings being under the Act of Assembly of June 13th 1836, § 19.    This objection was sustained by the court below, the petition dismissed, and the proceedings set aside.

Whereupon the proceedings were removed into this court by the petitioners, who assigned for error the dismissing the petition and setting aside the proceedings as above stated.

*Joseph H. Kuhns*, for appellants, cited and relied on the Act of June 13th 1836, §§ 18 and 19.

1 WR.—27

[Madison and Harmony School House Road.]

*H. C. Marchand,* for appellees, cited the Act June 13th 1836, § 19, in support of the rule that where a road is laid out and not opened, there is no authority to vacate part and sustain part: Road in Greenwich Township, 1 Jones 186.

The opinion of the court was delivered, January 7th 1861, by WOODWARD, J.—The 18th and 19th sections of our general road law of 1836, Purdon 720, give the Courts of Quarter Sessions full power to "vacate the whole or any part of any private or public road;" but they make a distinction in the exercise of this power between roads which have been laid out and opened and roads laid out only, but not opened. If a particular road have been laid out and opened, the power to vacate can be exercised only when the road shall have become useless, inconvenient, or burdensome; if it have been laid out and not opened, the power to vacate can be exercised only when a majority of the original petitioners for said road, resident in the county, invoke it. The *occasions* or *grounds* for calling the power of the court into exercise are thus distinguished, but the *power* is the same in both cases. And it could scarcely be delegated in larger or more comprehensive terms—the power to vacate the *whole* or *any part* of *any* private or public road. This plenary power was lodged with the court for the convenience of the people, and whilst it is to be exercised in the precise manner prescribed, it is not to be abridged or enfeebled by judicial refinements. The occasion contemplated by the statute occurring, that is, on the petition of the majority of the original petitioners—the power of the court to vacate part of a road laid out, but not opened, is precisely what it is to vacate part of an open road on the happening of the statutory contingency—and it is plenary in both cases.

In the case of the road in Greenwich township, 1 Jones 186, it was held that a road laid out and half of it opened could not be vacated by proceedings under the 19th section, on the petition of a majority of the original petitioners—that it was not, in fact, an unopened road—and so not within that section. The effect of that ruling was simply to put the party to his proceeding under the 18th section as for an open road. But it does not touch this case, for there is no pretence that any part of this road had been opened before the institution of this proceeding.

We see, therefore, no reason why the 19th section should not be applied to this case, and the decree of the court is, accordingly reversed, and a *procedendo* awarded.