123    231
26 SC 299

## ROAD IN STERRETT TOWNSHIP.

[FRANKLYN STREET, WILKINSBURG.]

CERTIORARI TO THE COURT OF QUARTER SESSIONS OF ALLEGHENY COUNTY.

Argued October 24, 1888—Decided January 7, 1889.

(*a*) Viewers were appointed to view and vacate the unopened part of a public road laid out in Allegheny county, but before their report was filed a borough was incorporated which included within its limits the part of the road sought to be vacated.

1. Though in such case, under the proviso to § 1, act of May 3, 1855, P. L. 422, the jurisdiction of the court was ousted by the incorporation of the borough, yet it was eo instante restored by the special act of May 10, 1871, P. L. 704; and this, even if more than the unopened part of the road lay within the limits of the borough.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK, WILLIAMS and HAND, JJ.

No. 83 October Term 1888, Sup. Ct.; court below, No. 7 June Term 1887, Q. S.

On July 2, 1887, the petition of sixty-eight citizens of Sterrett township was presented setting forth that by virtue of proceedings in said court at No. 6 June Term 1884, a road was laid out beginning on the east line of the city of Pittsburgh, at the intersection of Waverly lane and Peebles avenue in said city, thence by certain courses and distances to the Edgewood public road, near the Home of Aged Women (see Sterrett Tp. Road, 114 Pa.. 627); that the portion of said road lying between Hay street and Wood street, in the village of Wilkinsburg, where it crosses the tracks and right of way of the Pennsylvania R. Co., at the grade of said railroad tracks, has not yet been graded for public use; that that portion of said road could be graded and maintained for public use as a highway, only at great expense, and when so graded and used it would be a grade crossing very dangerous to the lives of persons using the same; praying for the appointment of viewers to view and vacate, etc.

On the same day viewers were appointed.

The return day of the order having been extended till December Term, pending a motion to vacate the appointment of viewers, overruled, on December 10, 1887, a report was filed setting forth that the portion of said road extending from Hay street over the right of way of the Penn. R. Co. had become useless, inconvenient and burdensome, was unnecessary for the accommodation of the public in said township, and ought therefore to be vacated, for various reasons, set out at length, certain of which were as follows:

4. That at the particular point where said portion of said street is located the Pennsylvania Railroad Company has a system of interlocking switches operated by electricity and compressed air from a signal tower erected on the line of said street which were placed there prior to the location of said township road mentioned in the precept in this case, and at a cost of between forty and fifty thousand dollars; and that the opening of said street at grade across the said switches would involve the destruction thereof; and that the said switches are necessary for the operation of the Pennsylvania Railroad at that point.

5. That there is now opened a public road, called South street, across the Pennsylvania Railroad at grade, parallel with this road, and at a distance of only two hundred and sixty-four feet northwardly therefrom, which is connected with this road by cross streets immediately east and west of the portion vacated.

6. That there is a public road, called Rebecca street, opened across the tracks of the Pennsylvania Railroad at grade, parallel with this road, and located only two hundred and sixty-four feet southwardly therefrom, and connected with this road by cross streets immediately east and west of the vacated portion of this road.

On December 24, 1887, exceptions to the said report were filed, which inter alia were as follows:

The report of viewers should not be confirmed for the following reasons, to wit:

1. This court has no jurisdiction. That portion of Sterrett township which embraces this road was incorporated into the borough of Wilkinsburg by proceedings at No. 40 March Sessions 1887, of this court, before the report of viewers in this case. The act of May 3, 1855, P. L. 422, regulating this proceeding, provides, " That this act shall not apply . . . . . to any street, lane or road within any incorporated city or borough." [1]

2. The reviewers report "that the portion of the public road referred to in the petition of this case, and the vacation whereof we recommend, has never been opened for public use, although laid out by authority of law." In such cases, § 19, act of June 13, 1836, P. L. 558, to which the act of 1855, supra, is supplementary, requires " the petition of a majority of the original petitioners for the said road resident within the respective county " in order to vacate, which was not done in this case.

Said exceptions having been argued, the court, STOWE, P. J., on March 9, 1888, filed the following opinion and decree:

This is a proceeding to vacate a portion of a road or public highway under the acts of 1855 or of 1836, as either may apply.

The power of the court to consider and determine the case

as presented by the petition, has been fully adjudged by this court on a motion to vacate the appointment of viewers. I fully agree with the judge then deciding that matter, that the petition cannot be sustained under the provisions of the act of June 13, 1836, P. L. 558, and also that it may be sustained under the act of May 5, 1855, P. L. 422.

It appears, however, that since the petition was filed a large tract of land upon which the portion of the road sought to be vacated was located, has been incorporated into the borough of Wilkinsburg, and it is now claimed by exceptants that this has ousted the jurisdiction of the Court of Quarter Sessions in this case, and that it has now no further jurisdiction in the premises. It seems to me that this exception is well taken. The act provides that " The said court shall proceed by views and reviews in the manner provided for the vacating of other roads by existing laws ; provided, this act shall not apply to any street, lane or road in any incorporated city or borough."

It is apparent that this act cannot be fully carried into effect now, unless we hold that because the petition was filed before the borough was incorporated, the act is to remain in full force and effect in all respects as though the borough had not been incorporated, not only as to this proceeding, but in reference to a review or re-reviews which might be applied for hereafter. The general rule is that all proceedings under a special anthority created by act of assembly are, ipso facto, terminated by a repeal of the statute creating it: Commonwealth v. Beatty, 1 W. 382; citing, Hatfield Tp. Road, 4 Y. 392, where it was held that proceedings laying out a road under certain acts of assembly were terminated by a repeal of the acts. I can discover no difference in principle between that case and this. It is true the act is not repealed, but the circumstances under which the act, by express terms, took effect, have changed so as to bring them within the proviso, and operated in that way as a substantial repeal of the act so far as this case is concerned.

For this reason I am compelled to sustain the first exception and refuse to approve the report of viewers, and the same is now set aside.[2]

Thereupon, the petitioner took this writ, assigning as error:
1. The order sustaining the first exception.[1]

2. The order setting aside the report of viewers.[2]

*Mr. George B. Gordon* (with him *Mr. John H. Hampton* and *Mr. William Scott*), for the plaintiffs in error:

1. The contention on the part of the petitioners is that the jurisdiction of the court must be determined by the state of facts at the time the proceeding was commenced, and that if the court then had and assumed jurisdiction of the controversy, its jurisdiction could not be ousted by any state of facts which subsequently arose : Wells on Jurisdiction, § 79 ; Mollan v. Torrance, 9 Wheat. 539 ; Upton v. Railway Co., 25 N. J. Eq. 375 ; Salter v. Salter, 6 Bush 632 ; Tindale v. Meecher, 1 Scam. 137 ; Anderson v. Henzey, 7 W. N. 39 ; Quakertown Borough, 3 Gr. 203.

2. But if we are wrong so far, we think the jurisdiction of the court can be sustained under the act of May 10, 1871, P. L. 704, providing : " That the Court of Quarter Sessions of Allegheny county shall have power to vacate the whole or any part of any street, lane or alley, laid out in any borough incorporated therein, in case the same has never been opened or used by the public, or has been supplied or rendered unnecessary by the opening or laying out of a street or highway in the place thereof," etc.

*Mr. A. W. Duff*, for the defendants in error :

1. The Court of Quarter Sessions has no power but what it gets from the statute : Liberty Alley, 8 Pa. 382 ; and in all the cases it is held that when a law, or the repeal of a law, takes away the jurisdiction of a court, the proceeding upon it falls, although where the remedy only is changed, it may be otherwise : Hickory Tree Road, 43 Pa. 138 ; Commonwealth v. Beatty, 1 W. 382 ; Hampton v. Commonwealth, 19 Pa. 329 ; North Canal Street Road, 10 W. 351 ; Stoever v. Immell, 1 W. 258.

2. The act of May 10, 1871, P. L. 704, applies only to streets never opened or used by the public. Our street is entirely open, except the part proposed to be vacated. But the point has been fully determined in Greenwich Tp. Road, 11 Pa. 188, where this court held that § 18 of the act of June 13, 1836, P. L. 558, relates to and contemplates roads that have

been opened and used and have become useless, inconvenient and burdensome; that § 19 only authorized such a proceeding when the road is not opened. To provide a remedy, the act of May 3, 1855, P. L. 422, was passed, and the proceeding must be under this act or not at all.

OPINION, MR. JUSTICE HAND:

This is a petition "to vacate . . . . . part of a public road . . . . . laid out by authority of law and opened in part:" See act of assembly, May 3, 1855, P. L. 422. The portion sought to be vacated is that portion of the said road "lying between Hay street and Wood street, in the village of Wilkinsburg." The allegations are that the portion sought to be vacated is "useless, inconvenient, and burdensome." The petition sets forth specific facts and reasons for the application. Viewers were appointed and made their report and state that they "find said portion useless, inconvenient, and burdensome, and unnecessary for the accommodation of the public;" they further find specific facts corroborative of their opinion and recommendation that it be vacated. Exceptions were filed to this report, but none of them deny the facts found by the viewers. The exceptions are wholly to the jurisdiction of the court, and state conclusions of law, or inferences, or technical exceptions to the proceedings. It is true the sixth exception is "the findings of the report are not sustained by the evidence," but what finding or in what respect we know not.

The action of the court upon the exceptions was to sustain the first exception which was to the jurisdiction, and set aside the report of the viewers. The assignments of error are that the court erred in sustaining the exception to the jurisdiction, and in not confirming the report and vacating the road as prayed for. The first exception covers the whole case and is as follows: "This court has no jurisdiction. That portion of Sterrett township which embraces the road was incorporated into the borough of Wilkinsburg, by proceedings at No. 40 March Sessions 1887, of this court, before the report of viewers in this case. The act of May 3, 1855, P. L. 422, regulating this proceeding, provides: That this act shall not apply . . . . . to any street, lane or road, within any incorporated city or borough."

Opinion of the Court.

In sustaining this exception the court erred. The learned judge very properly states in his opinion that the petition cannot be sustained under the provisions of the act of June 13, 1836. He also very properly decides that the petition when filed was warranted and covered by the act of May 3, 1855, because it was then a proceeding to vacate a road wholly within a township. The court, however, concluded that the creation of the borough of Wilkinsburg transferred the jurisdiction from the Quarter Sessions to the councils of the borough, and gives this effect to the act of 1855, because of the creation of the borough and the transfer of the part of the road sought to be vacated from the territory of the township to that of the borough. That this effect would be produced if the whole or any part of the original road which was opened was included within the borough may be conceded, for if that were the case then the act of assembly of May 10, 1871, P. L. 704, as construed by this court, would not apply. It would come within the language of this court in Greenwich Township Road, 11 Pa. 188, where they say there is no act which would authorize such a proceeding where the road is in part opened. But we have seen that this defect was remedied by the act of 1855, which expressly provides for vacating a road opened in part. We have then, jurisdiction conferred upon the Quarter Sessions when the petition was filed, the creation of the borough ordinarily ousting the jurisdiction by the proviso of the act, and the law relating to boroughs, but eo instante when the jurisdiction would be ousted, saved by the act of 1871.

The act of 1871 gives jurisdiction to the Quarter Sessions in Allegheny county of streets in boroughs never opened. That such an effect would necessarily follow from the act of 1871 will be seen from the fact that when this portion of the road sought to be vacated became wholly a street in a borough as distinguished from a road in a township, the street was wholly under the jurisdiction of the borough under the borough act, but such jurisdiction, it being of a whole unopened street, comes expressly within the act of 1871, and the objection that this is not a street " never opened " falls to the ground as a fact. While it was a part of the township road this might be true, the remainder of the road being opened; but under the peculiar facts of this case the jurisdiction which

would have been lost was saved by the act of 1871. It may be argued that this view is dividing a road into two parts which originally was laid out as one continuous road, but this is what is always done by the creation of a borough. The jurisdiction of the borough over the streets, as well as those portions of the roads leading into it which are wholly within the borough, as of after erected streets, is exclusive. Except for the act of 1871 it is admitted that the borough had exclusive power to vacate this piece of road, and it is for this reason alone that the proceedings were quashed.

If the jurisdiction was lost on the instant of the incorporation of the borough, for the same reason the jurisdiction was kept by the act of 1871 which controlled the streets of the borough. The repeal of the township laws over streets within the territory of the borough brings in the application of the laws governing the borough. And why is this not a reasonable issue of this case ? If the borough had not been created, this piece of road would have been vacated; now that it is created, the same result is produced by the borough laws, and of a piece of road wholly within its territory. This view of the case is in entire accord with the case of North Canal Street Road, 10 W. 351, and Road in Greenwich Township before cited, for as will be seen the only error of the court below was in not giving proper effect to the act of 1871, which avoided the logical conclusions of the cases cited.

> The order of the Quarter Sessions setting aside the report of the viewers is reversed; the exceptions filed to said report are dismissed and the report confirmed; the costs to be paid by the exceptants.

On February 18, 1889, on a motion for a re-argument, the following opinion and order were filed.

PER CURIAM:

The basis alleged for a re-argument in this case is that the decree of the court was delivered under a misapprehension of fact, that only the unopened part of the road, as originally laid out, lies within the borough of Wilkinsburg. Whether this is true or not, the record "referred to" is no part of this case, and has not been printed. If it was brought within the record

and found to be true, it would only disclose that a wrong reason was given in that part of the opinion for the judgment. The fact remains that under the act of 1871 the court of Allegheny county has jurisdiction "to vacate the whole or any part of any street, etc., laid out in any borough incorporated therein, in case the same has never been opened or used by the public." The language of this act covers this case, and gives within the boroughs the like powers that are given over public highways in the townships, so far as this case is concerned.

The facts assumed in the former opinion rendered it unnecessary to construe the whole of the act of 1871, or to consider its effect as affording to the boroughs of Allegheny county the same remedy given to townships by the act of 1855. A full consideration of that question would disclose the truth that the technicality upon which the road in Greenwich township was decided, and which gave rise to the subsequent legislation of 1855, does not exist in the act of 1871. The remark relating to that case referred only to the assumption of the court below, that the act of 1855 did not apply. The spirit of the act of 1871 is to give the same remedy in Allegheny county that was given by the act of 1855. It is only necessary to give the reasonable construction that the language, "in case the same has never been opened or used by the public," refers to "any part of any street" as well as to "the whole," and give the same effect expressly stated that the "confirmation of the report," vacating "part of such street shall have like effect," to make it evident that the necessary power is given to vacate the portion of the street in the case before us, which the viewers reported should be vacated. The language of the act of 1871 differs materially from that in the acts of assembly which were under consideration in the case of the road in Greenwich township. As intimated in our former opinion the merits of the case require the vacation of this piece of road, and both the spirit and letter of the act of 1871 authorize it.

The application is denied.