## Swanson Street.

[Marked to be reported.]

*Road law—Vacation of portion of street—Jurisdiction—Quarter sessions —Act of May 8, 1854.*

Under the act of May 8, 1854, P. L. 645, the court of quarter sessions has jurisdiction to order the vacation of a part of a street.

*Practice — Qualification of petitioners—Exception and review—Admissions of counsel.*

The question of the qualification of the petitioners in a road proceeding must be raised on the record in the court below by a specific exception. It cannot be considered by the Supreme Court when raised for the first time by an assignment of error. The admissions of counsel in such case are no part of the record and cannot be considered by the Supreme Court.

*Petition for vacation—Averments—Practice, Q. S.*

A petition for the vacation of a street, which alleges that the street " is opened and used as a public street," contains a sufficient averment that the street is a public road or highway.

Argued Jan. 15, 1894. Appeal, by property owners, No. 398, Jan. T., 1893, from order of Q. S. Phila. Co., Jan. T., 1891, vacating street. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Petition for vacation of street.

From the record it appeared that on Jan. 24, 1891, a petition of twelve persons purporting to be freeholders of the vicinity was presented, averring that the portion of Swanson street which " is opened and used as a public street," extending from Washington avenue to Prime street, had become useless to the public because of its occupation by railroad tracks. The petition prayed that this portion of the street be vacated. On June 4, 1891, the court appointed six jurors who subse-

quently reported that, after deliberation, three of these decided in favor of the propriety of vacating the street, and three others decided against the vacation. Being equally divided upon the question, they prayed to be discharged from its further consideration.

On the hearing before the jury counsel admitted that the petitioners held title for the Pennsylvania railroad company, but no exception to that effect was filed in the court below.

The court, ARNOLD, J., made an order vacating the portion of the street as prayed for in the petition.

*Errors assigned* were (1) in ordering the vacation; (2) in not refusing to order as prayed for; (3) in not refusing to consider the petition because of a lack of jurisdiction, the court below having no jurisdiction to order a vacation of a part of an opened street. (4) The court below had no jurisdiction to entertain a petition filed by persons who were confessedly not freeholders of the vicinity. (5) The petition for the vacation was defective in that it failed to show by what authority Swanson street had been opened. (6) The court had no right to entertain jurisdiction of the petition, in view of the fact that the reason assigned, namely, danger in the use of the street because of its use by a railroad company, was insufficient.

*Richard C. McMurtrie* and *John G. Johnson*, for appellants.— The court had no jurisdiction to order the vacation of a portion of an opened street: Acts of June 13, 1836, § 1, P. L. 538; May 3, 1855, P. L. 422; Madison & Harmony School House Road, 37 Pa. 418; Road Case, 2 P. & W. 532; Henry Street, 123 Pa. 353; Vacation of Osage Street, 90 Pa. 115; Greenwich Township Road, 11 Pa. 186.

The petition was defective, in that it was signed by persons claiming to be freeholders of the vicinity, who, confessedly, were not.

The court had no jurisdiction to order a vacation of a street " because of its occupation by railroad tracks and purposes connected therewith." The use by the railroad was for public purposes.

The petition for the vacation was defective, inasmuch as it failed to show by what authority Swanson street had been opened: Act of 1854.

*D. W. Sellers*, *H. K. Fox* with him, for appellees.—This certiorari should be quashed. It was not allowed in accordance with § 2 of the act of March 23, 1829, P. L. 93. This act applies to the present case: Thirty-fourth Street, 81 Pa. 29.

The first three assignments of error are answered by the decision of this court in 1889, in Londonderry Township Roads, 129 Pa. 244, in which the jurisdiction to vacate a part of a street in the village of Port Royal is expressly maintained.

It is difficult to perceive if there be power to vacate the whole of a street why it does not include the power to vacate a part. The act means in law to vacate that which " is useless to the public and those having lands bounding thereon." The street existing between two intersecting streets formed by town plots is the whole of the street quoad hoc: Henry Street, 123 Pa. 348. Vacations of portions of a street have been recognized in giving damages to the owner fronting on the portion vacated: Centre Street, 115 Pa. 252.

The fourth assignment refers to evidence. Unless all the cases on this subject are to be ignored, there is absolutely nothing before this court to review: Spring Garden Street, 4 Rawle, 192; Schuylkill Falls Road, 2 Bin. 250; Church Street, 54 Pa. 353; Kensington and Oxford Turnpike Co., 97 Pa. 269; Act of May 3, 1869, P. L. 1247; Delaware Avenue, 67 Pa. 309.

The petition avers that " Swanson street is opened and used as a public street." This is sufficient: Vacation of an Alley on Beatty's Plan, 104 Pa. 622.

*George E. Fili*, *James Alcorn* and *Charles F. Warwick*, for the City of Philadelphia.—The court of quarter sessions has no jurisdiction to vacate a plotted street of the city without the consent of councils.

OPINION BY MR. JUSTICE GREEN, October 1, 1894:

The proceedings in this case were instituted under the act of May 8, 1854, P. L. 645, for the purpose of vacating a part of Swanson street, Philadelphia, lying between Washington avenue and Prime street. The petition purports to be signed by the requisite number of freeholders in the vicinity, and the causes set forth as reasons for the order of vacation were sufficient in law for that purpose, if established. The act of 1854

gives power to the court of quarter sessions to entertain, hear and determine, the matters in question, and authorizes the court, if they so desire, to refer the ascertainment of the facts to six road viewers, to report for the information and final judgment of the court. Such viewers were appointed in this case and reported that they had met the parties and their counsel at various times, and had taken a large amount of testimony which they returned with their report, but that they were unable to agree as to the question of vacation, three of their number being in favor of it, and three against. The learned court below, being of opinion that Swanson street from Washington avenue to Prime street has become useless to the public, and to those having land bounding thereon, decreed that the part of the street named be vacated and closed.

It is contended for the appellants that the court had no jurisdiction to order the vacation of part of a street, and the language of the act is cited in support of the contention, thus, " Whenever any private or public lane, alley, road or highway shall, by reason of forming town plots or otherwise, become useless to the public, etc. . . . And upon hearing all parties interested, it shall be lawful for the court to decree the vacation of any such lane, alley, street or highway upon such hearing," etc. Upon this language it is contended that the decree of vacation must be of the whole street, and cannot be upon a part of it. The argument is that in the general legislation of the commonwealth authorizing the vacation of streets and roads, the power is expressly given to vacate " the whole or any part of any private or public road."

It is true that in the general road law of 1836, by the 18th section, Purd. Dig. 1501, this is the phraseology, and in the act of May 3d, 1855, Purd. Dig. 1501, the same language is used in giving power to the courts of quarter sessions, " to change or vacate the whole or any part of any public or private road which may have been laid out by authority of law and opened in part." But it does not follow from this that a power to vacate part of a road cannot be deduced from legislation which gives power to vacate the whole of it. In all ordinary circumstances the power to do a greater act includes the power to do the lesser act, which is a part of the greater. In the interpretation of the doctrine of powers this is well understood. It is

not easy to see why it is not true of the power to vacate roads. If a court is empowered to vacate the whole of a road, why may it not vacate a part of it? The statutory condition upon which the power is conferred is the same in both cases, to wit, " whenever the same shall become useless to the public and those having lands bounding thereon." This condition may become true of a part, as well as of the whole, of a long public road, or a long street of a city. When it occurs in a city, the vacation of the useless portion may be accomplished with little or no inconvenience to the property owners on the remaining portion of the principal street, because there are always crossing streets at short distances apart, through which free communication can be had with all the streets. The direct question at issue here does not seem to have been before us heretofore. The Road Case, 2 P. & W. 532, cited for the appellants, does not raise the question. There the proceeding was to vacate part of a road which had never been opened, and to lay out another in its stead. We held it could not be done under the act of 1815, which gave a power of vacation but no power to lay out a new one in place of the old one, nor under the act of 1809, because it only gave a power to vacate the old roads which had been completely opened. The case of Greenwich Township Road, 11 Pa. 186, is not in point because the conditions did not exist that are required by the 19th section of the act of 1836, under which the proceeding was instituted; but in Madison and Harmony School House Road, 37 Pa. 417, where those conditions did exist, we held that a part only of the unopened road could be vacated, although the 19th section does not authorize expressly the vacation of " the whole or any part " of the road. Thus in this case, as in the next one following, the power to vacate a part where the power to vacate the whole existed, was assumed without discussion.

In the case of Henry Street, 123 Pa. 346, a portion of the street had been abandoned and built up so that a part of it only was left, extending from Taggert street to Brighton road, a distance of about 150 feet. The proceeding was under the same act of 1854 which is invoked in the present case, and several of the questions discussed in this case were considered and decided there. The part vacated by the decree of the court below was the part between Taggert street and Brighton road.

It was claimed for the appellants that the quarter sessions had
no jurisdiction, but the court below and this Court held that it
did have jurisdiction under this act of 1854. It was also con-
tended, as is contended here, that there was no concurrent ac-
tion of the city, but we held that the city's jurisdiction was
only under the act of 1874, and there was no evidence that the
city had accepted the provisions of that act, and that it would
be time enough to consider the question arising under that act
when it was properly presented. On the question of jurisdic-
tion, and also of the applicability of the general road law of
1836 and certain other enumerated acts, our brother CLARK,
delivering the opinion, said : " It is plain that none of these
statutes has any application whatever to the case in hand, for
the authority in none of them extends to the vacation of a street
or highway in any incorporated city. This is a proceeding
however under the act of May 8, 1854, P. L. 645, which pro-
vides that the court of quarter sessions of the proper county
shall have authority to vacate any private or public highway,
whether laid out by the public or private owners, whenever, by
reason of forming town plots or otherwise, they shall become
useless to the public and to those having lands bounding there-
on. The method of procedure is specifically defined, and is, in
most respects, different from the methods pursued under the
act of 1836. It is contended that this act of 1854 should be
construed in pari materia with the acts of 1836 and 1855 and
that the restrictions contained in those acts should be held to
apply to it as part of the general system. But that the act of
1854 was intended to apply to incorporated cities is manifest ;
not only is the act general in form, embracing all cities within
its terms, but it expressly provides that, ' in any city ' the rule
to show cause shall be published in one or more newspapers
twice a week, and in the other parts of the state once a week,
etc. It is plain, we think, that the restrictions imposed by the
acts of 1836 and 1855 in this respect were not intended to ap-
ply in proceedings under the act of 1854. It is equally plain
also, from the specific and peculiar methods of procedure de-
fined and established by the act of 1854, that the proceedings
are wholly independent of, and are, therefore, not to be regu-
lated by the practice under the acts of 1836 and 1855. When-
ever, therefore, a case is presented covering the conditions

specified in this act, whether in an incorporated city or elsewhere, the court of quarter sessions of the proper county must take cognizance of it."

The foregoing citation is sufficient to dispose of the question of jurisdiction and the character of the proceedings in the present case.

We do not see how we can consider the fourth specification of error. The question of the qualification of the petitioners should have been raised on the record in the court below by a specific exception to that effect. The first exception filed is the only one that even approaches the subject, but it does not challenge the status of the petitioners as "freeholders of the vicinity." The petition asserts that they do fulfill that requirement, and the only way the matter is brought before us is by an assignment of error to a question which was not ruled by the court below, and was not before it, so far as we can discover. Moreover we could not consider the question without trying the case on its merits, which we cannot do.. Church Street, 54 Pa. 353; Kensington and Oxford Turnpike Co., 97 Pa. 269. The admissions of counsel are no part of the record and we cannot consider them.

The fifth assignment is disposed of by what we said in Henry Street, supra, in reply to a similar objection. We held that it was enough that the petition set out that the street was a public road or highway. In this case the petition alleges that the street "is opened and used as a public street." We also ruled that this was sufficient in Vacation of an Alley on Beatty's Plan, 104 Pa. 622.

The sixth assignment is without merit. The city having withdrawn the only exceptions filed by her does not seem to have any standing to be heard.

Decree affirmed and appeal dismissed at the cost of the appellants.