## West Liberty and Knoxville Roads.

*Road law—Road entirely within two boroughs—Jurisdiction of orphans court—Act of June* 13, 1836, *P. L.* 555, *April* 3, 1851, *P. L.* 320 *and April* 22, 1856, *P. L.* 525.

Since the Act of April 3, 1851, P. L. 320, the court of quarter sessions has no jurisdiction to lay out a public road which lies wholly within the borders of two adjoining boroughs.   In this respect the Act of June 13 1836, P. L. 555, has been superseded.

Argued April 28, 1902.   Appeal, No. 31, April T., 1902, by C. F. Baxmyer, from order of Q. S. Allegheny Co., Sept. T., 1900, No. 11, sustaining exceptions to report of viewers in case of West Liberty and Knoxville borough.   Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Exceptions to report of viewers.

*Errors assigned* were (1) in sustaining exceptions.   (2) In finding that the court of quarter sessions had not jurisdiction under the general road law of June 13, 1836, to lay out a public highway wholly within the limits of the borough of West Liberty and the borough of Knoxville.

*W. B. Rodgers*, with him *W. H. Lemon*, for appellant.—A borough has the exclusive right to locate and open only such highways as lie within its single corporate limits: Somerset & Stoystown Road, 74 Pa. 61; South Chester Road, 80 Pa. 370; Winter Street, 6 Montg. 24; Palo Alto Road, 160 Pa. 104.

*John P. Hunter*, for appellee.—It has been the policy of all recent legislation relating to the powers of this commonwealth to subject the highways within their limits to the control of the municipal authorities as exclusively as is consistent with the duty of conferring protection to the interests of individual citizens: Somerset & Stoystown Road, 74 Pa. 61; Norwegian Street, 81 Pa. 349; Osage Street, 90 Pa. 117.

A subsequent affirmative statute is a repeal by implication of a former one made concerning the same matter, for it introduces a new rule on the subject, and is evidently substituted for the former: Parkesburg Borough Street, 124 Pa. 511.

OPINION BY ORLADY, J., July 10, 1902:

West Liberty borough and Knoxville borough have a division line common to both, there being no intervening land between them. The petition was for a public street or highway to connect Morse street in the borough of West Liberty with Arabella and Summit streets in the borough of Knoxville, the said road to lead from the northern end of said Morse street, then crossing land of John Hogg in the borough of West Liberty and lot No. 314 in Knoxville borough and extending to the said Arabella and Summit streets in the borough of Knoxville. Viewers were appointed and they reported in favor of a road conforming to the description in the petition and recommended that it be located and laid out and that the width thereof should be fixed at fifty feet. Exceptions were filed, which were sustained by the court on the ground that the court of quarter sessions of Allegheny county did not have jurisdiction for the reason that the road was wholly within the two boroughs.

It is contended by appellant that the Act of June 13, 1836, P. L. 555, sec. 1, giving jurisdiction to the court of quarter sessions upon the petition to grant "a view for a road within the respective county," has not been repealed or its pro-

visions superseded by the Act of April 3, 1851, P. L. 320, nor by the Act of April 22, 1856, P. L. 525, which regulates the mode of procedure to survey, lay out, enact and ordain and open streets and alleys in boroughs.

In Somerset and Stoystown Road, 74 Pa. 61, it is stated: " The repeal of statutes by implication is certainly not favored. Where there are two affirmative statutes on the same subject, there must be a clear inconsistency or repugnancy between them in order that the later one shall produce this result. Yet a subsequent affirmative statute is a repeal by implication of a former one made concerning the same matter, if it introduces a new rule upon the subject and is evidently intended as a substitute for the former law. It must be admitted that the differences in the proceeding provided by the two acts of assembly are very important, and it can scarcely be supposed to have been within the intention of the legislature that any person, by applying for a view of a road or street within a borough, could have it opened and laid out by an order of the court without the action of the borough authorities, and thereby throw the damages upon the county treasury, without any contributory assessments upon the properties benefited."

By the 2d section of the general borough law, the corporate authorities have power to survey, lay out, enact and ordain such roads, streets, lanes, courts and common sewers as they may deem necessary, and to provide for, enact and ordain the widening and straightening of the same. To this extent the act of 1851 supersedes the general road law of 1836. The power to lay out and ordain streets, alleys, etc., beginning and ending within the corporate limits, is exclusively in the borough authorities: Parkesburg Borough Streets, 124 Pa. 511.

When laying out and opening a road between distant termini, though the route be through a borough, or when widening or straightening one already so laid out and opened, to require that as to the part within the borough one proceeding shall be followed, and, as to so much as lies without another and different proceeding should be pursued would be to introduce unnecessary complication. The exclusive power of the authorities of the borough to enact, ordain and regulate roads under the act of 1851, is confined to such highways within the bor-

ough and does not extend to public roads laid out through or to a point within the borough limits, or where only a private road is within the borough: Palo Alto Road, 160 Pa. 104.

The general borough law of 1851 does not repeal the provisions of the act of 1836, authorizing the court of quarter sessions to lay out private roads that are wholly within the borough (Private Road in Huntingdon Borough, 149 Pa. 133), for the reason that no general jurisdiction over private roads has ever been given to borough authorities: Sharett's Road, 8 Pa. 89; Ridge Avenue, 99 Pa. 469; Parkesburg Borough Streets, supra; In re Osage Street, 90 Pa. 114.

In the present case the whole of the road is within two adjoining boroughs, and, if shifted but a few feet from the location made by the viewers, it could be wholly and entirely within either borough. There is no township land along its entire route. The necessity for a borough to have the control of its highways is well stated in In re Osage Street, 90 Pa. 114, 117: " The adjustment of a city or borough plan requires scientific knowledge, a pervading system thoroughly understood by official agents and familiarity with diversified and minute details. The vacation of a single street could be at a point so vital as to derange the graduation, drainage and sewage of an entire borough. Legislation should be very clear indeed to require that the health, convenience and comfort of a whole community should be put to the hazard of the action of six gentlemen casually selected."

The same argument would apply with equal force to the location and laying out of a new highway. Under the act of 1836, the damages assessed are to be paid by the county; under the borough laws of 1851 and 1856, a mode for the assessment of damages and ascertainment of benefits by reason of such opening is provided, which is entirely different and distinct from the procedure indicated in the general road law of 1836. The viewers also reported in favor of laying out the road fifty feet wide, a matter with which they had nothing to do. Under the facts as shown in this record the court of quarter sessions had no jurisdiction to lay out the proposed road, and the exceptions were properly sustained. The order is affirmed.